UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                              :

   IN RE:                                                               :   CASE NO.: 25-22767

                                                                       :

                                                                       :   CHAPTER: 13

   Sheindy Grunhut,                              :

                                                                       :   HON. JUDGE:
                                                                       :   Hon. Cecelia G. Morris

   Debtor.                                                           :

                                                                       :
                                                                       :
                                                                       :
------------------------------------------------------------------X

## MOTION FOR IN-REM RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY

      Rushmore Servicing as Servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (together with any successor or assign, "Movant") hereby moves this Court for an Order: pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the investment real property known as 3 First Street, Unit 1, Spring Valley, NY 10977 ("Property"); pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises; granting Movant reasonable attorney fees and costs; and granting Movant such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

### BACKGROUND

      1.     Movant is a secured creditor of Sheindy Grunhut ("Debtor") pursuant to a Note executed by Debtor on January 13, 2014, whereby the Debtor promised to repay $393,750.00 plus interest to GFI Mortgage Bankers, Inc. (the "Note"). To secure the repayment of the Note, Debtor

executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of Mortgage Electronic Registration Systems, Inc., MERS, as nominee for GFI Mortgage Bankers, Inc., which was recorded on January 16, 2014, in the Rockland County Clerk's Office (the "Mortgage") encumbering the Property and the Loan was assigned to Movant by written assignment of mortgage. Copies of the Note, Mortgage, and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. As the Debtor became delinquent under the terms of the Loan, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Rockland under index number 034904/2019 ("2019 FC Action"). The 2019 FC Action has been continually delayed, first due to COVID, and then due to the four bad faith bankruptcy filings of Debtor since 2023 (outlined more fully below).

3. On June 11, 2025, Movant filed its *Motion for Summary Judgment and Appointment of a Referee to Compute* in the 2019 FC Action, which was stayed by the instant bankruptcy filing.

4. For the convenience of the Court and all parties, below is a chart listing the multiple bankruptcy filings affecting the Property:

| Debtor Name | Case Number | Foreclosure Status | Date Bankruptcy Filed | Case Dismissal Date and Reason |
|---|---|---|---|---|
| Sheindy Grunhut | 25-22767-cgm | Delayed Court determination of MSJ in 2019 FC Action | 08/14/2025 | Active |
| Sheindy Grunhut | 24-22388-cgm | Delayed prosecution of 2019 FC Action | 05/02/2024 | 07/11/2024 - 521 auto dismissal |
| Sheindy Grunhut | 23-22850-cgm | Delayed prosecution of 2019 FC Action | 11/14/2023 | 01/19/2024 - 521 auto dismissal |
| Sheindy Grunhut | 23-22120-cgm | Delayed | 02/15/2023 | 7/28/23 - Ch 13 |

Pg 3 of 6

| | | prosecution of 2019 FC Action | | MTD granted | |
|---|---|---|---|---|---|

5. As the above chart shows, there have been a total of four (4) recent bankruptcies filed by this Debtor and each of these filings has delayed Movant's prosecution of the 2019 FC Action. These repeat filings by the same parties, when coupled with the repeating dismissals, give rise to the inference that the repeat filings are a scheme to hinder, delay, or defraud Movant in exercising its state law rights. Accordingly, Movant now seeks an Order pursuant to 11 U.S.C. § 362(d)(4), vacating the automatic stay and granting in rem relief from stay with respect to the property. Copies of the PACER dockets are annexed hereto as **Exhibit B**.

6. Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

7. Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D. Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D. Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D. Penn. 1998).

8. To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy

filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 38.

9. Analyzing a similar set of circumstances, the Court in *Blair* (*id*. at *4-5) granted in rem relief and found that:

> Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.
>
> Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.

10. Furthermore, the Court may draw an inference of foreclosure delay from timing and existence of multiple filings alone, without analyzing the debtors' conduct during the cases. The "conduct of the debtor while in bankruptcy is less relevant than the actual timing and existence of multiple filings. The existence of multiple filings on the eve of foreclosure alone…is sufficient to establish a presumption of a scheme to hinder or delay the creditor, subject to the debtor`s right to challenge this presumption." *In re Merlo*, 646 B.R. 389, 395 (Bankr. E.D.N.Y. 2022).

11. In this case, the frequent and largely unprosecuted filings demonstrate a clear pattern of delay designed to frustrate resolution of the underlying foreclosure. The instant

petition is nothing more than a stall tactic to delay, hinder, and frustrate Movant in exercising its foreclosure rights.

12. Additionally, the account remains contractually due for the March 2019 payment and for each subsequent payment thereafter. Therefore, relief from stay is also warranted for cause pursuant to 11 U.S.C. § 362(d)(1). A copy of the SDNY worksheet is attached as **Exhibit C**.

13. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

14. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

15. Fed. R. Bank. Pro. 4001(a)(3) provides that "any order granting movant relief from an automatic stay is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise.

16. In light of the history of filings and the negative impact on Movant's lawful right to proceed with its state law rights and prosecute the 2019 FC Action, no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Movant is entitled to a waiver of the stay provision of Fed. R. Bankr. Pro. 4001(a)(3).

17. Movant respectfully requests $1,850 in reasonable attorney fees and $199.00 in filing costs associated with the preparation and filing of this Motion.

**WHEREFORE**, it is respectfully submitted that this Court should grant Movant's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: Garden City, New York
October 3, 2025

By: /s/ Michael Rozea
Michael Rozea, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150