UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
   IN RE:                               : CASE NO.: 25-22767
:
                                     : CHAPTER: 13
   Sheindy Grunhut,                  :
                                     : HON. JUDGE:
                                   : Hon. Cecelia G. Morris
   Debtor.                         :
:
:
:
-------------------------------------------------------------------X

## ORDER GRANTING IN REM RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated October 3, 2025, (the "Motion"), of Rushmore Servicing as Servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (with any subsequent successor or assign, the "Movant"), for an order, pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property 3 First Street, Unit 1, Spring Valley, NY 10977 ("Property"); pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on _____ and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Movant's

interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00 as provided in the loan documents; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Movant shall promptly report to the Chapter 13 Trustee any surplus monies realized by any sale of the Property.

**ORDERED** that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.

**ORDERED** that the 14 day stay invoked pursuant to FF.R.B.P. 4001(a)(4) is waived and this order is effective upon the signing of this order; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d)(4), the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is vacated upon entry of the within Order and any future filing in any case under the Bankruptcy Code purporting to affect the Property, shall not operate as a stay against Movant, its successors and/or assigns, for a period of two years marked from entry of the within Order.