BRONSON LAW OFFICES, P.C.
*COUNSEL FOR THE DEBTOR*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530
H. Bruce Bronson
hbbronson@bronsonlaw.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                                Case No. 25-22767-dsj

        SHEINDY GRUNHUT.

                                                Chapter 13

                             Debtor.
------------------------------------------------------------x

## <u>OBJECTION TO MOTION FOR RELIEF FROM STAY</u>

       Sheindy Grunhut, (the "Debtor"), by her attorneys, as and for his objection to the Motion for Relief from the Automatic Stay [ECF Doc. 13] filed by Rushmore Servicing as Servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (together with any successor or assign, "Movant") with respect to 3 First Street, Unit 1, Spring Valley, NY 10977 (the "Property"), in support thereof, respectfully sets forth and represents:

       1.      The Debtor lives at the Property with his her husband and children.

       2.      The Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on August 14, 2025 (the "Filing Date") and an Order for Relief was entered thereupon.

       3.      On October 3, 2025, Movant filed a motion seeking *In Rem* relief from the automatic stay. Movant points to the Debtor's previous filings as a scheme to hinder, delay or

defraud Movant. However, the Debtor's prior cases failed due to losses of rental income and were not abandoned as part of a scheme. The Debtor's circumstances have changed, and her income is now consistent.

4.    Accordingly, Movant has not established a legal basis for granting *In Rem* relief pursuant to 11 U.S.C. §362.

## CREDITOR HAS NOT ESTABLISHED CAUSE TO MODIFY AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§362(d)(1) or 1301

The *Sonnax* factors are applied in the Second Circuit to determine if cause exists pursuant to 11 U.S.C. § 362(d) to lift or vacate the automatic stay. *In re Sonnax Indus., Inc*., 907 F.2d 1280, 1286 (2d Cir. 1990). The  Movant's motion fails to do an analysis of the application of the *Sonnax* factors. If the *Sonnax*  factors are applied they would favor the stay remaining in place.

The Debtor is participating in loss mitigation. If she is unsuccessful the Debtor will amend her plan to pay the arrears on Movant's claim and the Debtor will continue to make the contractual monthly payment. There are no facts in Movant's motion that allege it will be irreparably harmed. Accordingly, the Movant's motion should be denied as it does not establish cause under the requirements of 11 U.S.C. § 362.

## THERE IS NO BASIS FOR GRANTING IN REM RELIEF UNDER 11 U.S.C. §105(a) OR TERMINATING THE STAY UNDER 11 U.S.C. § 362(d)(4)

The Motion does not address the high standard required for granting in rem relief. A creditor moving for relief pursuant to § 362(d)(4) "bears the initial burden to establish a prima facie case as to all the elements." *In re Poissant*, 405 B.R. 267, 271 (Bankr. N.D. Ohio 2009). Under § 362(d)(4), a creditor must prove that (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the

creditor's consent or court approval or multiple filings. In re Lee, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012). The Court should not grant relief pursuant to § 105(a) if this standard is not met.

The standard for in rem relief is not easily met because "[t]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors . . . ." *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) *In re McKenzie*, No. 19-10130, 2019 Bankr. LEXIS 906, at 5-6 (Bankr. S.D.N.Y. Mar. 25, 2019). Several filings alone are not adequate to find intent to hinder, delay and defraud. *In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009).

**WHEREFORE**, the Debtor respectfully requests the Court deny the motion and grant such other and further relief as the Court deems proper.

Dated: Harrison, New York
      December 23, 2025

BRONSON LAW OFFICES, PC

By:   /s/ H. Bruce Bronson
    H. Bruce Bronson, Esq.
    *Attorney for Debtor*