**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:

Sheindy Grunhut,

Case No.: 25-22767-dsj

Chapter 13

Debtor.

-----------------------------------------------------------X

### LIMITED OBJECTION TO TRUSTEE'S MOTION TO DISMISS
### AND REQUEST TO RETAIN JURISDICTION

TO:   **THE HONORABLE DAVID S JONES**
      **UNITED STATES BANKRUPTCY JUDGE**

Rushmore Servicing as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (together with any successor or assign, "Secured Creditor"), by its undersigned attorneys, hereby files this Limited Objection to the Chapter 13 Trustee's Motion to Dismiss ["Motion to Dismiss" dkt. no. 31], and in support thereof, submits as follows:

1.   Secured Creditor holds a mortgage loan on the Debtor's real property located at 3 First Street, Unit 1, Spring Valley, NY 10977, Rockland (the "Property").

2.   On October 3, 2025 Secured Creditor, filed its *Motion for In Rem Relief from the automatic stay concerning the Property* which, *inter alia*, seeks prospective in rem relief pursuant to 11 U.S.C. § 362(d)(4) (the "In Rem Motion"). On January 7, 2026, a hearing on the In Rem Motion was held and after argument from the parties, the In Rem Motion was adjourned to February 25, 2026.

3.   On December 30, 2025, the Chapter 13 Trustee filed his Motion to Dismiss which has a return date of February 11, 2026.

## LIMITED OBJECTION

4. Secured Creditor does not oppose dismissal of the instant bankruptcy case, or the relief sought in the Motion to Dismiss. However, Secured Creditor respectfully requests that the Motion to Dismiss and any other dismissal order be adjourned until after its In Rem Motion can be heard.

5. Additionally, Secured Creditor respectfully requests that this Court delay entry of any order dismissing this case until after its In Rem Motion is heard and decided.

6. Alternatively, Secured Creditor requests that this Court grant dismissal, but retain jurisdiction to hear the In Rem Motion.

7. Pursuant to 11 U.S.C. § 105(a), the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

8. Pursuant to 11 U.S.C. § 349(b)(3), the bankruptcy court may retain jurisdiction over estate property post-dismissal. "Retention of jurisdiction over the real property at issue to rule on an in rem motion despite dismissal of a case is an appropriate tool to curtail abuses of the bankruptcy system." *In re Merlo*, 646 B.R. 389, 392 (Bankr. E.D.N.Y. 2022). The Second Circuit has held that bankruptcy courts have the "authority to exercise post-dismissal jurisdiction over actions relating to the debtor's property which are pending in the Bankruptcy Court at the time of dismissal." *Id.* at 398, *citing In re Porges*, 44 F.3d 159, 161 (2d Cir. 1995).

9. Based upon the foregoing, Secured Creditor respectfully requests that any dismissal of the underlying bankruptcy case be delayed and adjourned until such time as its In Rem Motion may be heard and decided.

**WHEREFORE**, Secured Creditor respectfully requests that this Court delay entry of a dismissal order until after its In Rem Motion is heard and decided; along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: January 26, 2026
      Garden City, NY

          Respectfully submitted,
          FRIEDMAN VARTOLO, LLP

          By: /s/ Michael Rozea_____
          Michael Rozea, Esq.
          1325 Franklin Avenue, Suite 160
          Garden City, New York 11530